UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KINSER CHIU and MACHINE PROJECT, INC.,                          :

                                                                :

                                        Plaintiffs,             :         08-CV-4603 (RJH) (JCF)

                                                                :

                -against-                                       :

                                                                :

                                                                :

ANTHONY LUKAS and PAN AM SYSTEMS, INC.
and PAN AMERICAN WORLD AIRWAYS, INC.,                           :

                                                                :

                                        Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## THE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFFS' MOTION TO REMAND

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS........................................................................................... 1

ARGUMENT ............................................................................................................... 3

I.      PLAINTIFFS' MOTION TO REMAND SHOULD BE DENIED ................................ 3

     A.     Legal Standard .................................................................................. 3

     B.     Machine Project's Claims Against Lukas Are Unauthorized ........................... 4

            1.    Only Duly Authorized Individuals May Bring Suit on Behalf of a Corporation ......................................................................... 5

            2.    The Evidence Submitted by Defendants Conclusively Establishes that Lukas and Barenborg Are the Only Individuals Who are Authorized to Bring Suit on Behalf of Machine ............................................... 7

            3.    Chiu's "Evidence" of His Alleged Ownership of Machine Project Confirms His Lack of Authority to File Suit on Machine Project's Behalf .............................................................................. 9

     C.     Based on The Evidence Submitted, Plaintiffs Committed Outright Fraud in the Pleadings and Thus the Citizenship of Lukas Should Be Disregarded.....12

CONCLUSION .......................................................................................................14

## TABLE OF AUTHORITIES

### CASES CITED

*1046 Amsterdam Avenue Housing Development Fund Corp. v. Gomez*, 1 Misc. 3d 901(A), 781 N.Y.S.2d 629 (N.Y. Civ. Ct. N.Y. County 2003) ...................................11

*America Express Travel Related Services Co., Inc. v. N. Atlantic Resources, Inc.*, 261 A.D.2d 310, 691 N.Y.S.2d 403 (1st Dep't 1999)...................................11

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)............................................12

*Breiterman v. Elmar Properties, Inc.*, 123 A.D.2d 735, 507 N.Y.S.2d 206 (2d Dep't 1986)...................................................................................................................5

*Essig v. 5670 58 St. Holding Corp.*, 50 A.D.3d 948, 855 N.Y.S.2d 686 (2d Dep't 2008) ...............................................................................................................8

*Everrett v. MTD Products, Inc.*, 947 F. Supp. 441 (N.D. Al. 1996)..................................12

*Executive Leasing Co. v. Leder*, 191 A.D.2d 199, 594 N.Y.S.2d 217 (1st Dep't 1993) ...............................................................................................................6

*Mandel v. Adler*, 248 A.D.2d 323, 670 N.Y.S.2d 477 (1st Dep't 1998) .............................8

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459 (2d Cir. 1998) ...................................3, 12

*Parker v. Crete Carrier Corp.*, 914 F. Supp. 156 (E.D. Ky. 1996) ...................................12

*Reno v. Bull*, 226 N.Y. 546, 124 N.E. 144 (1919) ...............................................................4

*Rodriguez v. Casa Chapa S.A.*, 394 F. Supp. 2d 901 (W.D. Tex. 2005).................3, 12, 13

*Stone v. Frederick*, 245 A.D.2d 742, 666 N.Y.S.2d 294 (3d Dep't 1997) ...........................6

*TJI Realty, Inc. v. Harris*, 250 A.D.2d 596, 672 N.Y.S.2d 386 (2d Dep't 1998) ..........5, 10

*In re Vivendi Universal, S.A.*, 381 F. Supp. 2d 158 (S.D.N.Y. 2003) ................................8

*Wilson v. Westmoreland Farm, Inc.*, 989 F. Supp. 451 (E.D.N.Y. 1998) ...................5, 12

### OTHER AUTHORITIES

New York Business Corporation Law §304 ......................................................................10

New York Business Corporation Law §305 .......................................................................10

New York Business Corporation Law §306 .......................................................................10

New York Business Corporation Law §402 .........................................................................7

New York Business Corporation Law §626 .........................................................................5

New York Business Corporation Law §626(a).....................................................................5

New York Business Corporation Law §701 ...................................................................5, 10

New York Business Corporation Law §715(g) ..............................................................5, 10

New York Business Corporation Law §1104 .......................................................................6

## PRELIMINARY STATEMENT

Diversity jurisdiction exists in this action because defendant Anthony Lukas ("Lukas") was fraudulently joined as a defendant. Plaintiff Kinser Chiu ("Chiu") is not an officer, director, or shareholder of co-plaintiff, Machine Project, Inc. ("Machine Project"). He offers no evidence that his improper attempt to have his attorney file suit on behalf of Machine Project against Lukas (the only non-diverse defendant) is anything but fraudulent. Pan Am entered into a contract solely with Machine Project. Lukas is the sole shareholder and he and his wife are the only officers and directors of that company. Machine Project, therefore, cannot sue Lukas without his consent.

Chiu's illegitimate attempt to have Lukas named as a defendant in a suit brought by Lukas's own company should be disregarded for purposes of determining diversity jurisdiction and Plaintiffs' motion to remand should be denied.

## STATEMENT OF FACTS

This action was commenced in New York State Supreme Court, New York County on May 14, 2008. Plaintiff Machine Project is a New York corporation. Plaintiff Chiu claims to be a New Jersey resident. Plaintiffs brought suit against Pan Am Systems, Inc. and Pan American World Airways, Inc. (the "Pan Am Defendants") -- diverse parties that are citizens of either New Hampshire, Florida, or Delaware. Neither of the Pan Am Defendants is a citizen of either New York or New Jersey. Thus, there is complete diversity between Chiu and Machine Project on the one hand and the Pan Am Defendants on the other. Machine Project, however, also purports to sue its own President, director and sole shareholder, Anthony Lukas -- a citizen of New Jersey --, obviously without his consent. The only other officer or director of Machine Project is Lukas's wife, Mary Barenborg ("Barenborg"). She did not authorize Machine Project to sue her husband.

Plaintiffs purport to sue for alleged breaches of the Merchandising License Agreement (the "MLA") entered into by Pan American World Airways, Inc. ("Pan Am") and Machine Project on January 1, 2007, attached to the accompanying affirmation of Thomas J. Quigley ("Quigley Affirmation") as Exhibit A.  The MLA provided Machine Project with the right to use certain of Pan Am's trademarks on specific merchandise in exchange for royalty payments and Machine Project's promise to fulfill various other conditions.

The MLA, by its express terms, replaced a prior license agreement between Machine Ltd., a separate and distinct legal entity, and Pan Am.  Indeed, the parties to the MLA expressed their "desire to terminate that agreement in its entirety" and to enter into the MLA instead.  (*Id.*, page 1.)

Pursuant to the MLA, Pan Am had the absolute, unconditional right to terminate the agreement if Machine Project failed to satisfy the Minimum Performance Requirement, defined in Section 1(J) to require Machine Project to attain minimum gross revenues from sales of the licensed products of $1.5 million.  (*See id.* §4(B)(ii).)  Machine Project's  attempts to sell Pan Am products were not as successful as they had hoped and they fell far short of this requirement, selling only $755,917.32 worth of goods in 2007.  Thus, on March 14, 2008, Pan Am notified Machine Project that it was terminating the MLA due to Machine Project's failure to satisfy the Minimum Performance Requirement or to make the required royalty payments pursuant to Section 6, as well as other material breaches.  (*See* Quigley Affirmation, Ex. B.)  The termination became effective as of April 13, 2008.

Plaintiffs then filed the present action, claiming *inter alia* that Pan Am breached the MLA by terminating it.  As a non-party to the MLA, Chiu lacks standing to sue Pan Am for breach of contract.  Although Machine Project is a party to the MLA, no officer or director of

2

that company authorized this suit.  What is more, Chiu caused his attorney to name Lukas as a defendant.  Lukas owns all of the stock of Machine Project.  He and his wife are the sole officers and directors of that company and neither of them authorized Machine Project to sue Lukas.

On May 19, 2008, Defendants removed this action. (*See id.*, Ex. C.)  Removal was based on diversity of citizenship of the parties.  Because Chiu does not have the authority to cause Machine Project to sue Lukas, as more fully set forth below, Lukas was fraudulently joined as a Defendant herein.

## ARGUMENT

## I.    PLAINTIFFS' MOTION TO REMAND SHOULD BE DENIED

### A.    Legal Standard

It is black letter law that "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 460-61 (2d Cir. 1998).  In order to establish fraudulent joinder, a defendant can show that either 1) based on the pleadings, there is no possibility that a plaintiff can state a cause of action against the non-diverse defendant in state court or 2) there is clear and convincing evidence that "there has been outright fraud committed in the plaintiff's pleadings." *Id.* at 461.

When considering a claim that outright fraud has been committed in the pleadings, the inquiry is not limited to whether plaintiff lied about residency. *Rodriguez v. Casa Chapa S.A.*, 394 F. Supp. 2d 901, 906 (W.D. Tex. 2005).  For example, lying "to establish a putative party as a 'strawman' to defeat jurisdiction" would be considered fraud for purposes of establishing fraudulent joinder. *Id*. at 907-908.

3

Here, plaintiffs fraudulently joined Lukas to defeat diversity jurisdiction. This fraud is made apparent by the fact that neither Chiu, nor his attorney, Raymond W.M. Chin ("Chin") has the authority to sue Lukas on behalf of Machine Project. As set forth below, Lukas is the sole shareholder of Machine Project and he and his wife are the only individuals authorized to bring suit on Machine Project's behalf. Thus, Plaintiff's complaint essentially has Lukas suing himself, and the effect of this is to destroy diversity jurisdiction. Such fraud should not serve as a basis to remand this case where subject matter jurisdiction is otherwise proper.

**B.    Machine Project's Claims Against Lukas Are Unauthorized**

As set forth in Defendants' Notice of Removal, Chiu's counsel, Chin submitted fraudulent pleadings by purporting to sue on behalf of a corporation where he lacked the authority to do so. The only individuals who may authorize Machine Project to sue to enforce that corporation's rights are Lukas or his wife Barenborg, as they are the only individuals who are or ever were officers or directors of Machine Project. Thus, if anything Lukas might be a plaintiff in the suit against Pan Am. He cannot, however, properly be named as a Defendant in an action filed by Machine Project.

The only case Plaintiffs cite in support of their argument for remand to demonstrate the adequacy of their pleading, is *Reno v. Bull*, 226 N.Y. 546, 124 N.E. 144 (1919), a New York Court of Appeals case from 1919 reversing a lower court's decision as to the adequacy of jury instructions in a fraud case. We fail to see the relevancy of this case to the issue of whether plaintiff committed fraudulent joinder.

More importantly, Plaintiffs do not dispute that a fraudulently joined party does not defeat diversity jurisdiction; nor do they dispute that one way of showing fraudulent joinder is to show outright fraud in the pleadings. Rather, Plaintiffs question the sufficiency of the proof establishing that Lukas is the sole shareholder of Machine Project and that Lukas and Barenborg

4

are the only officers or directors of Machine Project. Because the documentary evidence conclusively demonstrates that Chiu has no legal authority to sue on behalf of Machine Project, Plaintiffs' have committed fraud in their pleading.

      1.     Only Duly Authorized Individuals May Bring Suit on Behalf of a Corporation

Under New York law, only officers and directors may bring suit on behalf of a corporation. *See e.g.* New York Business Corporation Law §§ 701 and 715(g); *TJI Realty, Inc. v. Harris*, 250 A.D.2d 596, 597-98, 672 N.Y.S.2d 386, 388 (2d Dep't 1998). In limited circumstances a shareholder may bring a shareholder derivative action, however those circumstances are not present here and Chiu – who is not a shareholder – does not purport to be filing a shareholder derivative suit. *See* New York Business Corporation Law §§ 626 *et seq.*[1] Moreover, where, as is claimed here, there are only two stockholders, each with a fifty percent share, an action can not be maintained in the name of the corporation by one against the other; the proper remedy is a derivative action. *See Wilson v. Westmoreland Farm, Inc.*, 989 F. Supp. 451, 454 (E.D.N.Y. 1998) ("in the absence of lawful authorization by WMF, a third-party complaint brought in the corporation's name may not lawfully proceed."); *Breiterman v. Elmar Props., Inc.*, 123 A.D.2d 735, 736, 507 N.Y.S.2d 206, 207 (2d Dep't 1986) (the fact that an individual is harmed by an injury to a corporation does not give a shareholder, even a principal shareholder, the right to sue on the basis of that injury).

---

[1] According to the New York Business Corporation Law § 626(a) only a holder of shares or voting trust certificates of a corporation may bring a derivative suit. *Id.* Moreover, "[i]n any such action, it shall be made to appear that the plaintiff is such a holder at the time of bringing the action and that he was such a holder at the time of the transaction of which he complains . . ." *Id.* at (b) In general, a stockholder must make a demand upon a corporation to sue and set forth with particularity in the complaint such efforts to secure the initiation of such action by the board (or the reasons for not making such effort). *Id.* at (c). Chiu does not claim to have made the requisite demand, nor could he since he does not own any stock in the corporation.

Notably, Plaintiffs contend that the "primary and perhaps the ultimate issue in this action" is whether Chiu has "equal status" as Lukas as a shareholder of Machine Project. (Plaintiffs Memorandum of Law in Support of Motion to Remand, p. 5). But, even if Chiu was a fifty-percent shareholder and officer, which he is not, the suit would still be unauthorized. In *Executive Leasing Co. v. Leder*, 191 A.D.2d 199, 200, 594 N.Y.S.2d 217, 218-19 (1st Dep't 1993), it was undisputed that two individuals had equal control and ownership of a corporation. One of the individuals brought suit on behalf of the corporation to recover funds that the other individual had allegedly put to personal use. The court held that, while normally the directors and officers of a corporation can prosecute suits in the name of the corporation, "where there are only two stockholders, each with a 50% share, an action cannot be maintained in the name of the corporation by one stockholder against another with an equal interest and degree of control over corporate affairs; the proper remedy is a stockholder's derivative action." *Id.* Of course, the requirements of a stockholder derivative action must be also be met. *See id.*; *see also Stone v. Frederick*, 245 A.D.2d 742, 666 N.Y.S.2d 294 (3d Dep't 1997) (enjoining prosecution of suit filed by President and fifty-percent shareholder of corporation on behalf of corporation because such an action cannot be maintained and the proper remedy is a shareholder derivative action.)

Nowhere in the papers submitted do Plaintiffs affirmatively state that Chiu is an officer of Machine Project. At most, he claims to have "equal status" to Lukas as a shareholder of the company. Even if true, Chiu still would not have the authority to sue Lukas on Machine Project's behalf. If Chiu was in fact an equal owner of Machine Project, his remedy would be to sue for dissolution of that corporation under New York Business Corporation Law § 1104 on the ground that the two equal owners are deadlocked. He does not have the right to have Machine Project sue Lukas and he does not have the right to involve Pan Am in that dispute.

2.    The Evidence Submitted by Defendants Conclusively Establishes that
      Lukas and Barenborg Are the Only Individuals Who are Authorized to
      Bring Suit on Behalf of Machine

Legally and factually, Chiu has no right to bring suit in the name of Machine Project. As a matter of law, a fifty-percent shareholder of a closely-held corporation does not have the right to bring suit on behalf of the corporation. As a factual matter, Chiu has no legal ownership in Machine Project at all.

Plaintiff Chiu does not and cannot dispute that Lukas owns 200 shares of Machine Project stock or that he and his wife are the sole directors. Annexed to the Quigley Affirmation as Exhibit D is the Certificate of Incorporation, issued under Section 402 of the New York Business Corporation Law, and filed with the Secretary of State on May 17, 2006, which reflects that:

> The total number of shares which the corporation shall have authority to issue and a statement of the par value of each share or a statement that the shares are without par value are: **200 Shares, Par Value of $0.01 each.**

In accordance with the Certificate of Incorporation, the board of directors resolved to sell 200 shares of stock to Anthony Lukas at $0.01 per share. *See* Quigley Affirmation, Ex. E. The board also resolved that "the form of stock certificates present to the board be, and hereby is, approved and adopted," *see id.*, and adopted bylaws, which were signed by Anthony Lukas in his capacity as President of Machine Project, and are attached to the Quigley Affirmation as Exhibit F.

Annexed to the affirmation of Thomas J. Quigley as Exhibit G is a stock certificate dated May 25, 2006 which "[c]ertifies that Anthony Lukas is the registered holder of 200 Shares [of Machine Project, Inc. stock] transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed."

7

Plaintiffs do not assert that this evidence is deficient, nor do they claim that the stock certificates are invalid or tampered with or that Chiu possesses stock certificates. Plaintiffs merely assert that the "only evidentiary proof submitted in support of [Defendants'] claim is a stock certificate signed by Lucas [sic] and his wife," as if there were some better method of determining the ownership of shares in a corporation's stock

Stock certificates are competent evidence of ownership of shares in a corporation. *See Essig v. 5670 58 St. Holding Corp.*, 50 A.D.3d 948, 948, 855 N.Y.S.2d 686, 688 (2d Dep't 2008) (rejecting contention that defendants failed to establish the validity of stock certificates as evidence of ownership of shares because the certificates themselves were "the written evidence of those facts") (internal citations omitted); *In re Vivendi Universal, S.A.*, 381 F. Supp. 2d 158, 171 (S.D.N.Y. 2003) (noting in dicta that stock certificates evidence ownership); *Mandel v. Adler*, 248 A.D.2d 323, 323, 670 N.Y.S.2d 477, 478 (1st Dep't 1998) (absent contradictory evidence, stock certificates conclusively establish ownership of shares reflected therein).

Also annexed to the Quigley Affirmation as Exhibit H are the Minutes of the Annual Shareholder Meeting held on May 25, 2006. At that meeting, Lukas and Barenborg were elected as directors. *Id*. The minutes of the first meeting of the board of directors, annexed to the Quigley Affirmation as Exhibit E, reflect that, in addition to conducting other business, the directors:

> considered the election of officers to serve until the next annual meeting of directors. The directors unanimously voted to elect the following persons to the corresponding positions:
>
> President: Anthony Lukas
> Treasurer: Mary E. Barenborg
> Secretary: Anthony Lukas

8

The documentary evidence clearly establishes that Barenborg and Lukas are the only directors and officers and Lukas is the sole owner of Machine Project. Hence, it is beyond all rationale dispute that Lukas is the sole owner of Machine Project stock.

3.    Chiu's "Evidence" of His Alleged Ownership of Machine Project
        Confirms His Lack of Authority to File Suit on Machine Project's Behalf

Plaintiffs cite eight grounds, allegedly supported by documentation, to attempt to establish Chiu's authority to bring suit on behalf of Machine Project. We address each of the grounds and the "supporting documentation" for each in turn.

First, Plaintiffs claim that a letter from Anthony Lukas to "whom it may concern" stating that Chiu is a fifty-percent partner in **Machine Ltd.** is evidence of Chiu's ownership interest in Machine Project. (*See* Plaintiffs' Motion to Remand, Exhibit B). As Chiu explains in his Affidavit in Support of Order to Show Cause filed in state court, (attached to Quigley Affirmation as Exhibit I), Machine Ltd. is a dissolved entity that previously made unsuccessful attempts to market Pan Am products. The agreement between Pan Am and Machine Ltd. was terminated. By its express terms the MLA between **Machine Project** and Pan Am supersedes the prior agreement with Machine Ltd. (*See id.*, Ex. A, introductory paragraph.) The first paragraph of the MLA states that:

> WHEREAS, LICENSOR and Machine Ltd., which is a predecessor company of LICENSEE, entered a Merchandising License Agreement with an effective date of September 2, 2005, that was amended on June 22, 2006 to replace Machine Ltd. With LICENSEE, and LICENSOR and LICENSEE now desire to terminate that agreement in its entirety and to enter this Agreement . . .

Thus, even if the "to whom it may concern" letter was evidence of Chiu's ownership in Machine Ltd., it is wholly irrelevant to whether or not Chiu has rights to bring suit on behalf of Machine Project.

9

Plaintiffs' second and third points relate to the MLA and an amendment to it. Plaintiffs cite the langue of the MLA quoted above, that Machine Project is a successor to Machine Ltd. Plaintiffs roundly ignore the additional language that the MLA terminates and replaces the contract between Machine Ltd. and Pan Am. Far from supporting Plaintiffs' argument, the MLA, confirms that Pan Am's contractual relationship with Machine Ltd. was terminated, and thus Chiu's interest in that company, if he ever had any, is irrelevant.

Fourth, Plaintiffs point to the similarly irrelevant letter from Robert Culliford, Senior Vice President and General Counsel for Pan Am, that sets forth the differences between Machine Ltd. and Machine Project and affirms that Pan Am only has contractual relations with Machine Project. Again, this only confirms that, while Chiu may have held a position with Machine Ltd., he has no legal interest in Machine Project.

Plaintiffs claim in their fifth and sixth points that Chiu is a registered agent for service of process for Machine Project. The exhibits plaintiffs submit in support of this contention serve only to refute it. (*See* Plaintiffs' Motion to Remand, Exs. D, E.) Plaintiffs' Exhibits D and E clearly state that Machine Project has designated the Secretary of State as its agent for service of process, as it may do under the New York Business Corporation Law §§ 304-306. Chiu is not the registered agent for service on that corporation. Moreover, as set forth above, in New York, only the board of directors or duly authorized officers have the authority to bring suit on a corporation's behalf. *See e.g.* New York Business Corporation Law §§ 701 and 715(g); *TJI Realty, Inc.*, 20 A.D.2d at 597-98, 672 N.Y.S.2d at 388. Even if Chiu was a registered agent to accept service on behalf of Machine, which he was not, he nevertheless lacks the authority to act

10

on the corporation's behalf in any way, shape, or form.[2]  Thus, Exhibits D and E to Plaintiffs' motion are yet more wholly irrelevant documents.

Finally, plaintiffs' remaining arguments rest on documents that apparently demonstrate that at certain times, Chiu held himself out to third parties as an officer of Machine Project.  (*See* Plaintiffs' Motion to Remand, Exs. F-H).  For example, Exhibit F purports to be an office lease that both Chiu and Lukas apparently signed on behalf of Machine Project in May of 2006. Exhibit G is an incomplete document entitled "Certified Copy of Corporate Banking Resolutions" that Chiu appears to have signed on June 15, 2006 as "Pres" of Machine Project.[3] Exhibit H appears to be part of an undated bank form that Chiu also signed as "Pres" of Machine Project, although, without the date, it cannot be discerned whether Machine Project was even in existence at that time.[4]

At most, Chiu's "documentary evidence" shows that, in addition to misrepresenting his status to this Court, he also committed fraud on unrelated third parties. *See Am. Express Travel Related Servs. Co., Inc. v. N. Atl. Res., Inc.*, 261 A.D.2d 310, 311, 691 N.Y.S.2d 403, 404 (1st Dep't 1999).

In sum, in the face of the indisputable evidence to the contrary -- certificate of incorporation, stock certificates, meeting minutes, etc. -- Chiu's documents are not persuasive. When faced with conflicting evidence in determining issues such as these, this Court should rely on the corporation's official documents. *See 1046 Amsterdam Ave. Hous. Dev. Fund Corp. v. Gomez*, 1 Misc. 3d 901(A), 781 N.Y.S.2d 629 (N.Y. Civ. Ct. N.Y. County 2003) (holding that

---

[2] There are corporations, such as CT Corporation, whose main business is to accept service on behalf of corporations.  This does not mean they have any authority to act on behalf of the thousands of corporations that they are registered agents for.  Plaintiffs cannot seriously argue that Chiu's claimed status as a process agent for Machine Project gives him the right to sue on its behalf.

[3] The document refers to a reverse side that is missing.

[4] Pan Am has requested information or documents to support Chiu's bold claims of his interest in Machine Project multiple times.  (*See* Quigley Affirmation, Ex. J. )  It is apparent that Chiu has no evidence of any such authority.

petitioner was not shareholder in cooperative corporation where petitioner possessed proprietary lease, but not stock certificates).

### C.    Based on The Evidence Submitted, Plaintiffs Committed Outright Fraud in the Pleadings and Thus the Citizenship of Lukas Should Be Disregarded

As the sole shareholder, President, and director of Machine Project, Lukas cannot be a defendant in an action brought by his company, without his permission, by an attorney who has no authority to represent the corporation. Such a suit is unlawful and may not proceed. *See Wilson*, 989 F. Supp. at 454. Moreover, other courts have held that the unauthorized joinder of a party constitutes the type of outright fraud in the pleadings that is necessary to establish fraudulent joinder.[5]

In *Rodriguez v. Casa Chapa S.A.*, 394 F. Supp. 2d 901, 906 (W.D. Tex. 2005), plaintiffs Enrique Rodriguez, Jr., Enrique Rodriguez, Sr., the deceased Trinidad Rodriguez, and various other family members, all Texas or California residents, filed suit against Servi Chapa, a Mexican corporation, and Enrique Rodriguez, Sr., a Texas resident, in his capacity as Administrator of the Estate of Trinidad Rodriguez. *Id.* at 903. Thus, the only non-diverse parties were Enrique Rodriguez, Sr., as plaintiff in his individual capacity, and Enrique Rodriguez, Sr., as defendant in his capacity as an estate administrator. *Id.* At the time of removal, Enrique Rodriguez, Sr. had not actually filed an application to be appointed as the administrator of Trinidad Rodriguez's estate. It was not until the notice of removal was filed that he took this step. *Id.*

---

[5] Plaintiffs assert that fraudulent joinder claims must be pled with particularity. To support this proposition, plaintiffs cite three cases, all from other circuits. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981), *Everett v. MTD Prods., Inc.*, 947 F. Supp. 441 (N.D. Al. 1996); *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156 (E.D. Ky. 1996). Plaintiffs do not cite any case from the Second Circuit to support this proposition, and *Pampillonia*, the leading Second Circuit fraudulent joinder case, contains no such requirement. *See* 38 F.3d at 461. Nevertheless, the basis for the fraud is clearly set forth with particularity in the Notice of Removal -- Machine Project may not sue the only individual who is authorized to bring suit on its behalf.

The court held that the "actual fraud perpetrated by the Plaintiffs with the purpose of defeating federal jurisdiction most certainly" constitutes outright fraud in the pleading of jurisdictional facts. *Id.* at 908. Notably, the court denied the motion to remand, notwithstanding that Enrique Rodriguez, Sr. was, at the time of the hearing, the actual administrator of the estate, and also the fact that defendant did not timely file the notice of removal. *Id.* at 904.

The case at bar is on all fours with *Rodriguez*. Here, there is one party that is essentially a plaintiff and a defendant, in different capacities -- Anthony Lukas. Moreover, just as the attorneys for Enrique Rodriguez, Sr., who was not actually the administrator of Trinidad Rodriguez's estate, were not authorized to represent the estate, Chiu lacks authority to have his attorney represent Machine Project because Chiu is neither an officer nor director of Machine Project.

13

## CONCLUSION

Machine Project cannot sue Lukas without his consent. Lukas never consented to being sued by his company.   Chiu's attempt at having Machine Project sue Lukas is therefore fraudulent, and Lukas's citizenship should be disregarded for purposes of determining diversity jurisdiction.  Plaintiffs' motion to remand should be denied.


Dated: New York, NY
      June 23, 2008

Respectfully submitted,

WINSTON & STRAWN LLP

By:                            
   Thomas J. Quigley
   tquigley@winston.com
   200 Park Avenue
   New York, New York 10166-4193
   (212) 294-6700
   (212) 294-4700 (facsimile)

   *Attorney for Pan Am Systems, Inc. and*
   *Pan American World Airways, Inc.*

14